COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


ROBERT DOUGLAS CLARK

                                    MEMORANDUM OPINION*
v.    Record No. 1413-02-4              PER CURIAM
                                     NOVEMBER 5, 2002
FLUOR DANIELS/FLUOR CORPORATION AND
 UNITED STATES FIDELITY AND GUARANTY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Mark S. Thrash, on brief), for appellant.

          (Gary L. Denton; The Law Offices of Gary L.
          Denton, on brief), for appellees.


     Robert Douglas Clark (claimant) contends the Workers'

Compensation Commission erred in finding that his cervical and

left knee conditions, and subsequent need for surgery, were not

causally related to his compensable May 2, 1989 back injury.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proof, the commission's findings are

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission held that claimant failed to carry his burden of proving that the physical therapy prescribed for his compensable back condition caused his cervical and left knee problems and subsequent surgery. In so ruling, the commission found as follows:

> [Claimant] underwent considerable physical therapy for his lumbar region beginning in January 1999, but . . . he did not specifically describe any particular exercise or therapy session that caused the onset of his symptoms. For example, on May 10, 1999, the claimant reported an increase in his cervical symptoms and that the swelling in his left knee had worsened. Although he partially attributed these conditions to the physical therapy session, he made no direct or specific attribution, and our reading of the note indicates that the therapist felt that the conditions were preexisting.

> [C]laimant did not mention any knee pain during the course of the emergency medical treatment he received on June 29, 1999, and described only neck and arm pain of one to two months' duration. . . . [C]laimant reported [to Dr. Tusher U. Gajjar on October 12, 1999] that "his neck pain started spontaneously with no inciting trauma. . . ." and that the physical therapy exercises exacerbated his low back pain (without any mention of the cervical pain). He apparently did not report any knee pain.

> . . . [Dr. Harold Young's] reports indicate that he diagnosed degenerative disc disease, and he never indicated that the degenerative condition was related to trauma or any specific event. Although Dr.

- 2 -

[Hallett H.] Mathew's March 21, 2001, letter supports the claimant's causation argument, the notes associated with his treatment in 1999 do not.  On June 14, 1999, Dr. Mathews noted the claimant's neck, shoulder, and left knee symptoms "because of his overuse syndrome. . . ." but did not specifically relate his condition to the physical therapy.  Furthermore, there is an inconsistency in the claimant's apparent reliance on the May 10, 1999, physical therapy note to document his first complaint of symptoms and Dr. Mathews' statement that the exacerbation occurred in June 1999.

Lastly, we find no error in the Deputy Commissioner's characterization of the claimant's physical therapy as "gentle."  We note, in particular, as did the Deputy Commissioner, that the claimant's knee problems resulted in the extensive knee reconstruction surgery performed by Dr. [Frank C.] McCue, [III].  We are not persuaded that [claimant's] physical therapy, however it is characterized, would result in such extensive damage to his knee.

The commission's factual findings are amply supported by the record.  As fact finder, the commission was entitled to weigh the medical evidence.  See Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  It did so, and gave little weight to Dr. Mathew's March 21, 2001 letter, in light of the inconsistencies between that letter, Dr. Mathews' office notes, and the other medical records.  In light of those inconsistencies, coupled with claimant's inability to attribute his symptoms to any specific exercise or therapy, claimant's comments to Dr. Gajjar, and the lack of any definitive opinion regarding causation in the medical records of

Drs. Young and McCue, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>